PAEZ, J.,
dissenting:
I part company with the majority because, in my view, the record does not clearly establish whether Ratigan was looking for Cohagan during the December 31 search. That day, Ratigan searched Burrow’s home only after meeting with Davenport, providing him with a written statement, and later learning that the information he had previously provided was stale. After Davenport told Ratigan he *217 could not use his “good” information, Rati-gan immediately returned to Burrow’s home. After his first attempt to search Burrow’s home failed, he immediately called Davenport to explain that he was going to make a second attempt “[to] see if we can’t get something for you.” After making a successful second attempt, he immediately called Davenport a second time. And even though he did not find Cohagan, Ratigan did not attempt to search the home again. '
Ratigan’s testimony at the suppression hearing indicates that finding Cohagan was not the purpose of the December 31 search. He testified that he suspected Co-hagan was in the padlocked bathroom all along, but that he “didn’t want to go into the bathroom” because he was afraid Co-hagan was hiding in it with a gun. Although Ratigan’s fear of harm might be reasonable, it confirms that he was not motivated to find Cohagan. A reasonable factfinder could conclude that Ratigan’s • only motivation for the December 31 search was to look for Burrow’s firearm.
These facts distinguish this case from Miller. See United States v. Miller, 688 F.2d 652, 656-58 (9th Cir. 1982). In that case, a private party pretended to be a customer in order to find out if a man selling farm equipment had stolen his property. Id. Thus, “he had an independent motive (recovering his own property) during the entire course of the search.” United States v. Reed, 15 F.3d 928, 933 n.6 (9th Cir. 1994) (distinguishing Miller). The same cannot be said of Ratigan, who purposefully did not attempt to access the one location where he thought Cohagan might be found.
Here, a reasonable factfinder could determine that Ratigan exceeded the scope of Burrow’s contractual consent because finding Cohagan was not “at least one significant motive” for his December 31 search.' If Ratigan exceeded the scope of Burrow’s consent, then it matters whether he was acting as a government agent. If he was, the December 31 search violated the Fourth Amendment. As the district court did not address any of the underlying factual questions, and because I do not believe the facts are as clear-cut as the majority believes, I would remand for the district court to decide these questions in the first instance. See Fed. R. Crim. P. 12(d).
For these reasons, I respectfully dissent.